**Judge James L. Robart**

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| BEET, INC., a Washington corporation, RICHARD ROBB, SR., an individual, and DAVID ROBB, an individual,<br>Plaintiffs,<br>v.<br>VASILI ZOLOTOV, an individual,<br>Defendant. | Case No.: C09-01743 JLR<br><br>ANSWER AND COUNTERCLAIM OF VASILI ZOLOTOV |

COMES NOW Defendant Vasili Zolotov, and hereby Answers and Counterclaims against the Plaintiffs as follows:

**I. Introduction**

1.   Answering Paragraph 1, admit.

2.   Answering Paragraph 2, admits that Vasili Zolotov was a co-equal shareholder in Beet with the other two shareholders, Richard Robb, Sr. and David Robb, and admits that he was notified that he was removed from his positions at Beet, Inc. as a result of a hastily called meeting of the other shareholders where he was not allowed to participate.  Defendant Zolotov denies allegations of "malfeasance and nonfeasance in association with his responsibilities," and denies on lack of information and belief that

Answer and Counterclaim C09-01743JLR

Page 1 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone:  (206) 763-1510
Facsimile:  (206) 763-9807

his removal was proper and according to the bylaws and procedures of Beet, Inc., as well as applicable law.  Defendant Zolotov also denies, based on lack of information and belief, that any other shareholders other than Richard Robb, Sr. and David Robb were notified of this meeting.

3.    Answering Paragraph 3, Defendant Zolotov denies any attempt to "[freeze] Beet's employees out of access to the computer system."  Defendant Zolotov admits that the servers contain proprietary data, but denies that all data on the servers is proprietary.  Defendant Zolotov specifically denies that he changed "all company passwords."  Defendant Zolotov never acted in such a way as to interfere with access to data on Beet, Inc. servers by Beet, Inc. employees.

4.    Answering Paragraph 4, Defendant Zolotov denies both "confiscation" and ownership on the part of Beet, Inc. of the intellectual property referenced.

5.    Answering Paragraph 5, Defendant Zolotov denies in its entirety.

## II. Parties

6.    Answering Paragraphs 6-8, Defendant Zolotov admits.

7.    Answering Paragraph 9, Defendant Zolotov admits residence and asserts he was (and remains) a shareholder in Beet with and that his ownership percentage in Beet,

Answer and Counterclaim C09-01743JLR

Page 2 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone:  (206) 763-1510
Facsimile:  (206) 763-9807

Inc. is equal to that of Richard Robb, Sr. and David Robb, inasmuch as all individual parties have equal ownership.

### III. Jurisdiction and Venue

8.   Answering Paragraph 10, Defendant Zolotov asserts that the Western District of Washington has original jurisdiction over the subject matter of this action.

9.   Answering Paragraph 11, admits that venue is proper in this Court.

### IV. Facts

10.   Answering Paragraph 12, admits that Vasili Zolotov was and remains a shareholder in Beet, Inc., and admits that he was removed from his positions at Beet, Inc. as a result of a hastily called meeting of the other shareholders intentionally called in a manner that prevented his participation.

11.   Answering Paragraph 13, Defendant Vasili Zolotov admits the existence of a proposed Confidentiality Agreement, but denies that it was ever properly executed and is in force and demands that Plaintiffs be put to their proof as the validity of the Agreement.

12.   Answering Paragraph 14, Defendant Vasili Zolotov admits the existence of a proposed Confidentiality Agreement, but denies that it was ever properly executed and

Answer and Counterclaim C09-01743JLR

Page 3 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone: (206) 763-1510
Facsimile: (206) 763-9807

is in force and demands that Plaintiffs be put to their proof as far as the validity of the Agreement.

13.    Answering Paragraph 15, Defendant Vasili Zolotov denies for lack of information and belief, and denies the legal conclusion to be drawn from this paragraph.

14.    Answering Paragraph 16, Defendant Vasili Zolotov admits that he was Chief Technology Officer and Secretary, and further admits that he owned the same proportionate shares as either of the Robbs.  Mr. Zolotov specifically denies refusing any reasonable requests of his co-officers or any attempt to impede access to information.

15.    Answering Paragraph 17, Defendant Vasili Zolotov denies in its entirety.

16.    Answering Paragraph 18, Defendant Vasili Zolotov denies.  By way of further Answer, Defendant Vasili Zolotov asserts that he had been working long hours and weekends at his position at Beet, Inc. until October 2009, at which point he took his first substantial vacation in years. It was during this vacation that Plaintiffs Robb and Robb decided to have the functional equivalent of a *coup d' etat* to remove Mr. Zolotov.

17.    Answering Paragraph 19, Defendant Vasili Zolotov admits that he has received a notice indicating that the Board of Directors (minus himself) had terminated his services.

Answer and Counterclaim C09-01743JLR

Page 4 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone:  (206) 763-1510
Facsimile:  (206) 763-9807

Defendant Vasili Zolotov denies the validity of the vote, or in the alternative, asserts that this is a calculated attempt to oppress a minority shareholder.

18. Answering Paragraphs 20-24, Defendant Vasili Zolotov denies in their entirety.

### V. First Cause of Action: Breach of Fiduciary Duty

19. Answering Paragraph 25, Defendant Vasili Zolotov admits and denies as previously stated.

20. Answering Paragraph 26, Defendant Vasili Zolotov admits that he was a shareholder and officer in Beet, Inc., and is bound by all legal duties inherent in those positions. By way of further Answer, Defendant Vasili Zolotov asserts that he has acted in accordance with his obligations at all times.

21. Answering Paragraphs 27-28, Defendant Vasili Zolotov denies in their entirety.

### VI. Second Cause of Action: Violation of the Federal Computer Fraud and Abuse Act

22. Answering Paragraph 29, Defendant Vasili Zolotov admits and denies as previously stated.

Answer and Counterclaim C09-01743JLR

Page 5 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone: (206) 763-1510
Facsimile: (206) 763-9807

23. Answering Paragraph 30, Defendant Vasili Zolotov denies in its entirety, and by way of further Answer, asserts that all his computer access was made with proper authority.

24. Answering Paragraph 31, Defendant Vasili Zolotov denies in its entirety, and by way of further Answer, asserts that all his computer access was made with proper authority.

25. Answering Paragraph 32, Defendant Vasili Zolotov denies in its entirety.

26. Answering Paragraph 33, Defendant Vasili Zolotov denies in its entirety and by way of further Answer, asserts that any damage was caused by, and is the responsibility of Plaintiff David Robb.

27. Answering Paragraph 34, Defendant Vasili Zolotov denies in its entirety and by way of further Answer, asserts that any inability to access data was caused by, and is the responsibility of Plaintiff David Robb.

28. Answering Paragraphs 35-37, Defendant Vasili Zolotov denies in their entirety.

**VII. Third Cause of Action: Misappropriation of Trade Secrets**

29. Answering Paragraph 38, Defendant Vasili Zolotov admits and denies as previously stated.

Answer and Counterclaim C09-01743JLR

Page 6 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone: (206) 763-1510
Facsimile: (206) 763-9807

30. Answering Paragraph 39, Defendant Vasili Zolotov admits that Beet, Inc. has materials that it considers to be trade secrets, but denies for lack of information and belief any assertions about their economic value to third parties or whether such a characterization is legally appropriate.

31. Answering Paragraph 40, Defendant Vasili Zolotov admits that he took reasonable measures to maintain the secrecy of information held by Beet, Inc., but denies for lack of information and belief whether the efforts of others can be categorized as "reasonable."

32. Answering Paragraph 41, Defendant Vasili Zolotov admits that Beet, Inc. has materials that it considers to be trade secrets, but denies for lack of information and belief any legal conclusions about either the ownership of the information and/or intellectual property in question.

33. Answering Paragraph 42, Defendant Vasili Zolotov denies in its entirety, and by way of further Answer, asserts that all his computer access was made with proper authority.

34. Answering Paragraph 43, Defendant Vasili Zolotov denies in its entirety, and by way of further Answer, asserts that all his computer access was made with proper authority.

Answer and Counterclaim C09-01743JLR

Page 7 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone: (206) 763-1510
Facsimile: (206) 763-9807

## VIII. Fourth Cause of Action: Breach of Contract

35. Answering Paragraph 44, Defendant Vasili Zolotov admits and denies as previously stated.

36. Answering Paragraphs 45-46, Defendant Vasili Zolotov denies in their entirety.

## IX. Fifth Cause of Action: Conversion

37. Answering Paragraph 47, Defendant Vasili Zolotov admits and denies as previously stated.

38. Answering Paragraph 48, Defendant Vasili Zolotov denies that Plaintiffs are entitled to all source code, in its entirety, and by way of further Answer, denies Beet, Inc.'s characterization of all of its information as "proprietary."  Defendant Vasili Zolotov also asserts that all his computer access was made with proper authority.  Defendant Zolotov specifically denies any claim of "exclusivity."

39. Answering Paragraphs 49-51, Defendant Vasili Zolotov denies in their entirety, and by way of further Answer, asserts that all his computer access was made with proper authority.

## X. Prayer for Relief

Answer and Counterclaim C09-01743JLR

Page 8 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone:  (206) 763-1510
Facsimile:  (206) 763-9807

40. With regard to Plaintiffs' Prayer for Relief, Defendant Vasili Zolotov requests that all relief sought be denied in its entirety.

## XI. Affirmative Defenses

41. Defendant Vasili Zolotov asserts the following Affirmative Defenses:

  1. The claim is barred by the applicable statutes of limitations;

  2. Failure to state a claim upon which relief can be granted;

  3. Failure to join a necessary party under FRCP 19;

  4. Unclean hands;

  5. Failure to comply with applicable statutes and regulations with regard to business conduct;

  6. Waiver, Laches, and Estoppel;

  7. Failure to mitigate losses;

  8. Spoliation;

  9. Plaintiff's damages, if any, were caused by their own acts or omissions, over which Defendant had no control.

  10. Plaintiff's damages, if any, were caused by the acts or omissions of third parties over which Defendant had no control.

## Counterclaim

## XII. Counter-Statement of Facts

Answer and Counterclaim C09-01743JLR

Page 9 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone: (206) 763-1510
Facsimile: (206) 763-9807

42. Mr. Zolotov and the Robbs have known each other since 1995 or 1996. Mr. Zolotov's father and the Robbs were acquaintances prior to that.

43. In the summer of 2005, Mr. Zolotov was working at Microsoft in the SQL Server Engine group managing R&D projects and a team of engineers (ranging from undergraduate interns to computer science PhD's). At the same time, Mr. Zolotov was working on a presentation about the future of digital media distribution. His original intent was to pitch those ideas to Microsoft with hopes of creating a start-up group within the company to develop a new product.

44. At this time, David Robb, came to Seattle on unrelated business and met Mr. Zolotov for dinner. Mr. Zolotov mentioned his plans to try to start up a venture within Microsoft, and Mr. Robb became interested in Mr. Zolotov's ideas. David Robb promptly followed up with a proposal that Mr. Zolotov quit Microsoft and take him and his father (Richard Robb, Sr.) as partners instead. David Robb indicated that the Robbs wanted to invest in Mr. Zolotov's ideas.

45. During the next several months following their meeting, David Robb repeatedly emailed Mr. Zolotov, urging him to consider the Robbs' proposal. An example of one email reads as follows:

> *My father called me today to see if anything is up with you. He stands ready - with me - to back you in a venture. I know that this is on your mind, but I encourage you to take a few steps back and make sure that*

Answer and Counterclaim C09-01743JLR

Page 10 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone: (206) 763-1510
Facsimile: (206) 763-9807

*you have put things in perspective. If you really want to be your own boss and develop your own products someday, that day could be as soon as you want it. We are ready now. And, the longer you wait, whatever market you are thinking about entering, will become more crowded.*

*[...]*

*What makes this appealing for you is that if you have put thought into the product, you say you can do it, we can figure something out that makes sense for everyone. We don't need to go through all of the intermediary steps as I know you and you know me. What you don't know about business, I can handle.*

46. After some initial reluctance to take up their offer, the freedom of operating outside of the corporate structure and its politics was appealing. David Robb's argument that Mr. Zolotov would be "[his] own boss" and that he would have the freedom to develop his own products resonated with him.

47. In late September 2005, Mr. Zolotov met with the Robbs in Raleigh, North Carolina. In that meeting, the three future owners of Beet, Inc. discussed the framework for the venture. They established that they would be equal shareholders. The Robbs would provide capital, connections and business expertise; Mr. Zolotov's role was to manage R&D, manage all operations at company's offices, build the team and ultimately to deliver products. David Robb insisted that Mr. Zolotov be involved exclusively with Beet and ideas about trying to arrange concurrent employment at Beet and Microsoft were rejected by the Robbs.

48. The three shareholders agreed that Mr. Zolotov was to be paid a salary of $100,000.00 a year; this was a 30% reduction compared to Mr. Zolotov's 2005 income

Answer and Counterclaim C09-01743JLR

Page 11 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone: (206) 763-1510
Facsimile: (206) 763-9807

at Microsoft, and a modest salary given the level of responsibility.  About a year later, Mr. Zolotov voluntarily slashed his pay to $36,000 as a way to increase his contributions to the company.  Beet offered no employee benefits of any kind.

49.   In January 2006, Mr. Zolotov gave his notice at Microsoft and quit at the end of the month, based on the representations the Robbs made.  David Robb insisted that Beet, Inc. rent an office in Seattle over working from home.  Mr. Zolotov agreed, and found an office for Beet, Inc. to move into.

50   Mr. Zolotov saved the company thousands of dollars by using his Microsoft Alumni discount.  He also contributed his personal software licenses that, to this day, power Beet's offices and products.

51.   In February 2006, Mr. Zolotov begins to work full-time at Beet, Inc.'s new offices.  For the next 3 1/2 years, Mr. Zolotov typically works 60-80 hour weeks and has generally a very low-key lifestyle until he was unceremoniously terminated.  In fact, Mr. Zolotov worked so hard that he developed a repetitive stress injury in both wrists, causing him to wear wrist braces.  Mr. Zolotov did not have a written employment contract, and there was no agreement on ownership of intellectual property.

52.   During most of Beet, Inc.'s life, Mr. Zolotov was Chief Technology Officer, Chief Operating Officer, and Secretary of the Board of Directors.  In addition, Mr. Zolotov applied skill that he had learned prior to arriving at Beet, Inc. in order to enable Beet,

Answer and Counterclaim C09-01743JLR

Page 12 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone:  (206) 763-1510
Facsimile:  (206) 763-9807

Inc. to develop its business models and software systems. In the first 18 months, Mr. Zolotov's team had delivered two generations of the consumer store product. The store was well received and gained a small but loyal following. While the retail store continued to operate without interruption bringing modest revenue, Mr. Zolotov set to work on a new concept which was a business-to-business virtual distribution platform. By September 2008 Mr. Zolotov's team released an Alpha version of the new platform. This invitation-only Alpha operated for 1 year and had 2-3 dozen Business-to-Business customers (record labels and digital distributors). Some relied on Beet's system exclusively to generate digital sales. When Mr. Zolotov left on vacation, he was getting ready to release the first public Beta version of the new platform, which is expected to vastly increase Beet, Inc.'s revenue.

53.     Rather than the uninvolved person the Plaintiffs choose to portray in their Complaint, Mr. Zolotov was a deeply involved individual, Mr. Zolotov had been working 80 hour weeks for months straight at the time he took a well-deserved long vacation to Europe, beginning on September 23, 2009. At the time of his departure, Mr. Zolotov was unaware of any performance concerns or issues. Mr. Zolotov is the inventor of business models and software architecture behind Beet products. The majority of the code base is written by Mr. Zolotov personally, the rest by engineers and designers under his direction. The proprietary legal framework that enables Beet, Inc. to do business with clients was developed under Mr. Zolotov's direction by contracted attorneys. The content deals that give Beet, Inc. rights to work with copyrighted music were negotiated by Mr. Zolotov and under his direction.

Answer and Counterclaim C09-01743JLR

Page 13 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone: (206) 763-1510
Facsimile: (206) 763-9807

54. Contrary to the Robbs' complaints of constructive abandonment, Mr. Zolotov, before he departed, asked everyone at Beet, Inc. to email him at his "Gmail" account in case any assistance was needed. He also remained in touch with Beet, Inc. in order to resolve some technical issues. He also had a definite return date of November 4, 2009.

55. On October 6th, Mr. Zolotov emailed another Beet, Inc. employee, asking for important documents to be sent to him: a product plan and market research that were being developed by a consultant, Beth Levine. Beth Levine was hired to lead those efforts at Mr. Zolotov's insistence after David Robb, who was the CEO, declared that he did not have time or the ability to write a marketing plan for the company (Beet, Inc. had been running without a marketing plan). These documents were not provided.

56. Mr. Zolotov asked for these documents again on October 7th, this time addressing Plaintiff David Robb directly. Again, there was no response. He followed up by asking for these documents on October 27th, and got no response.

57. On October 28th, Mr. Zolotov made another request, and learned that David Robb had issued a directive to block his access to those documents. It became clear that Mr. Zolotov's access to information was being purposefully limited. This contradicted the spirit of transparency with which Mr. Zolotov and his team operated.

Answer and Counterclaim C09-01743JLR

Page 14 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone: (206) 763-1510
Facsimile: (206) 763-9807

58. At this time, Mr. Zolotov changed the administrator password. He was still CTO, system administrator and board member when this took place. This change did not disrupt any business activity or prevent anyone from doing their job. Mr. Zolotov also immediately notified technical staff that he changed the password.

59. Later that day (October 29, 2009), the office computer network went dead, because David Robb ordered it shut down. Contrary to the claims of the suit, Mr. Robb's actions shut down the office and lead to economic damages. David Robb falsely claimed that Mr. Zolotov was responsible for this in an email to remaining Beet, Inc. employees on October 30, 2009, in which he fabricated a "cyber attack" from Mr. Zolotov on Beet, Inc.'s servers in order to cover up his own misfeasance.

60. Mr. Zolotov cut his vacation short and returned back to Seattle earlier than he expected, only to find that he had been cut off from all access to the Beet, Inc. computers. Mr. Zolotov was notified of his termination the next day; his termination was arranged by the Robbs at a "board meeting" held without sufficient notice to Mr. Zolotov, so that he was unable to attend. On October 22, a full week before the board meeting, David Robb issued a directive to Beet, Inc.'s payroll processor to suspend Mr. Zolotov's payroll at the end of the month. On that same day, David Robb emailed James Grindle to box up Mr. Zolotov's personal effects at the office "within next couple of days". Mr. Zolotov was locked out of the office by Plaintiffs changing the locks.

Answer and Counterclaim C09-01743JLR

Page 15 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone: (206) 763-1510
Facsimile: (206) 763-9807

61. Mr. Zolotov was induced by the Robbs to actually receive less money up-front than he was receiving at his current position at Microsoft in order to have meaningful ownership interest and input at Beet, Inc, along with unvested stock options. Moreover, as part of the agreement that brought Mr. Zolotov to Beet, Inc., Mr. Zolotov was to be employed by Beet, Inc, and the Robbs represented that Mr. Zolotov would "always have control" over the fruits of his labors.

62. Defendant/counterclaimant avers that this is a classic case of minority shareholder oppression and "squeeze-out." With the thinnest of pretenses, two of the three equal shareholders (who just happen to be father and son) pretended that everything was running smoothly until the third co-owner left for an extended vacation. During this vacation, the two related owners conspired to deprive the third of any and all economic benefits by terminating all his positions and his source of income. This was done at a meeting that they knew Mr. Zolotov could not attend. The entire purpose of this course of action was to force Mr. Zolotov out of a company that he had devoted several years of his life to, and also to force him to sell both his interests in intellectual property and his shares at a deeply discounted, "fire sale" price.

63. Defendant/counterclaimant further avers that Beet, Inc. has product which is ready for release and marketing (a business-to-consumer download music store and a business-to-business distribution platform for music), and that the Robbs are attempting to enrich themselves at the expense of Mr. Zolotov, who put forth most of the effort in developing Beet, Inc.'s product. Defendant/counterclaimant further avers that, as part

Answer and Counterclaim C09-01743JLR

Page 16 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone: (206) 763-1510
Facsimile: (206) 763-9807

of their justification for the wrongful "squeeze out" of Mr. Zolotov, the Robbs have engaged in a malicious campaign of defamation against Mr. Zolotov, alleging that he has attempted to damage computer systems and sabotage Beet, Inc.'s systems and software.

## Counterclaim Causes of Action

### XIII. First Cause of Action: Breach of Fiduciary Duty

64.   Defendant/counterclaimant reincorporates and re-alleges the allegations in paragraphs 41 through 62 as though fully set forth herein.

65.   David Robb and Richard Robb, Sr. owed Beet, its shareholders and its directors, a fiduciary duty in their capacity as directors, officers, and current shareholders of Beet.

66.   David Robb and Richard Robb, Sr. breached those duties by, among other things, disrupting Beet's business activities through an unnecessary termination, disrupting the computer systems themselves, engaging in defamation against Mr. Zolotov, and taking hostile action against a fellow officer, director, and shareholder for the sole purpose of enriching themselves.

67. The Robb's actions and breaches of their fiduciary duties proximately caused substantial injury to Defendant/counterclaimant Zolotov.

### XIV. Second Cause of Action: Breach of Contract

Answer and Counterclaim C09-01743JLR

Page 17 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone: (206) 763-1510
Facsimile: (206) 763-9807

68. Defendant/counterclaimant reincorporates and re-alleges the allegations in paragraphs 41 through 62 as though fully set forth herein.

69. Plaintiffs' termination of Mr. Zolotov constituted a violation of existing contracts.

70. As a direct and proximate result of Plaintiffs' breach of contract, Vasili Zolotov suffered damages in an amount to be proven at trial.

### XV. Third Cause of Action: Unjust Enrichment

71. Defendant/counterclaimant reincorporates and re-alleges the allegations in paragraphs 41 through 62 as though fully set forth herein.

72. The actions of Plaintiffs complained of (an attempt to "squeeze out" a fellow shareholder in order to increase their return from Beet, Inc. at Vasili Zolotov's expense) constitute an attempt to unjustly enrich themselves.

### XVI. Fourth Cause of Action: Wrongful Termination

73. Defendant/counterclaimant reincorporates and re-alleges the allegations in paragraphs 41 through 62 as though fully set forth herein.

74. Plaintiffs' termination of Mr. Zolotov constituted a violation of agreed expectancies in the employer-employee relationship. Moreover, the Robbs have engaged in defamatory behavior in order to justify their termination.

Answer and Counterclaim C09-01743JLR

Page 18 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone: (206) 763-1510
Facsimile: (206) 763-9807

75.    As a direct and proximate result of Plaintiffs' wrongful termination, Vasili Zolotov suffered damages in an amount to be proven at trial.

### XVII. Prayer For Relief

WHEREFORE, Defendant/counterclaimant Vasili Zolotov prays for the following relief:

1. For economic and non-economic damages in the amount to be proven at time of hearing, plus any additional interest or charges that shall accrue.

2. For attorneys' fees in this matter.

3. For interest as allowed by contract or statute.

4. For costs of suit.

5. For punitive damages as allowed by law.

6. As an alternative measure of relief, a Judicially ordered buyout of Mr. Zolotov's shareholder interest for fair value.

7. For a determination that Mr. Zolotov owns all relevant Intellectual Property;

8. For such other and further relief as the Court deems just and equitable.


Dated this 8th Day of January, 2010

_____/s/_____
Courtland T. Shafer, WSBA #22000
Satterberg Healy Eeckhoudt
9832 15th Ave. SE
Seattle, WA 98106
Telephone: (206) 763-1510

Attorneys for Defendant Vasili Zolotov

Answer and Counterclaim C09-01743JLR

Page 19 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone: (206) 763-1510
Facsimile: (206) 763-9807

## CERTIFICATE OF SERVICE

I, Courtland Shafer, hereby certify that a copy of this document was served via the ECF system to all other parties on January 8, 2010.

\_\_\_/s/ Courtland T. Shafer_____
Courtland T. Shafer, WSBA #22000
Satterberg Healy Eeckhoudt
9832 15th Ave. SE
Seattle, WA 98106
Telephone: (206) 763-1510

Attorneys for Defendant Vasili Zolotov

Answer and Counterclaim C09-01743JLR

Page 20 of 20

SATTERBERG | HEALY | EECKHOUDT
9832 Fifteenth Avenue Southwest
Seattle, Washington 98106
Telephone: (206) 763-1510
Facsimile: (206) 763-9807