Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BEET, INC., a Washington corporation, RICHARD ROBB, SR., an individual, and DAVID ROBB, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>VASILI ZOLOTOV, an individual,<br><br>Defendant. | Case No. C09-1743 JLR<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO VOLUNTARILY DISMISS ALL CLAIMS AND MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**<br><br>NOTE ON MOTION CALENDAR:<br><br>February 26, 2010 |

## I.   INTRODUCTION

Plaintiffs Beet, Inc., Richard Robb, Sr., and David Robb ("Plaintiffs") move this Court for leave to dismiss their claims against Defendant Vasili Zolotov ("Zolotov") without prejudice and move to dismiss Zolotov's counterclaims against Plaintiffs without prejudice. Contemporaneously with this Motion, Plaintiffs are filing a corporate dissolution action in state court. The dissolution action will determine the economic rights of all parties. The state court judge should be permitted to consider all state claims and counterclaims surrounding this dispute. To dispose of any federal questions, Plaintiffs will not reassert their federal claim under the Computer Fraud and Abuse Act. Plaintiffs' dissolution action provides a remedy to Zolotov – specifically a buyout of his shares in the corporation with an offset – and the state court will also provide a forum for Zolotov's counterclaims. Zolotov will not suffer any legal prejudice as a result of the

MTN TO VOLUNTARILY DISMISS CLAIMS
AND MTN TO DISMISS COUNTERCLAIMS - 1
[C09-1743 JLR]

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

dismissal of all claims and counterclaims in this matter.

## II.   FACTS

On November 6, 2009, Plaintiffs filed their First Amended Complaint in King County Superior Court against Zolotov, alleging a federal cause of action under the Computer Fraud and Abuse Act, and several state court claims. (Dkt. #1, Ex. A.) On December 8, 2009, Zolotov removed the case to United States District Court. (Dkt. #1.) Zolotov asserted state based counterclaims for breach of fiduciary duty, breach of contract, unjust enrichment, and wrongful termination on January 8, 2010. (Dkt. #6.) To date, the parties have not engaged in any discovery in this matter. (Declaration of John Du Wors ("Du Wors Decl.") ¶ 2.) Contemporaneous with this Motion, Plaintiffs are filing a state court action for dissolution of Beet, Incorporated, of which Zolotov is a minority shareholder, in King County Superior Court. (Id. ¶ 3.) Plaintiffs are not reasserting their federal claim against Zolotov. (Id.)

## III.   DISCUSSION

**I.   Zolotov Will Not Suffer Any Legal Prejudice From Plaintiffs' Voluntary Dismissal.**

The Court should grant Plaintiffs leave to voluntarily dismiss their claims because Zolotov will not suffer any legal prejudice from the dismissal. Fed. R. Civ. P. 41(a)(2) provides: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In the Ninth Circuit, district courts have sound discretion to grant leave to voluntarily dismiss and the decisions "will not be disturbed unless the court has abused its discretion." Westlands Water Dist. v. U.S., 100 F.3d 94, 96 (9th Cir. 1996). Motions for voluntary dismissal should be liberally granted, provided that no party will suffer legal prejudice. Stevedoring Serv. of Am. v. Armilla Int'l, 889 F.2d 919, 921 (9th Cir. 1991). Legal prejudice is shown "where actual legal rights are threatened or where monetary or other

burdens appear to be extreme or unreasonable." Wetlands Water District, 100 F.3d. at 97. Zolotov will not suffer any legal prejudice and the parties have not begun the expense of discovery or trial preparation.

In determining whether a party faces legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of the right to a jury trial, or a statute-of-limitations defense. *See* American Nat'l Bank & Trust Co., 931 F.2d 1411, 1412 (10th Cir. 1991); Manshack v. Southwestern Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990). Zolotov will retain his rights to litigate all claims, counterclaims and defenses in state court. State court is the proper forum to adjudicate claims arising out of this corporate dispute and Zolotov will not suffer any legal prejudice by litigating in King County.

## II.    The Court Should Decline to Exercise its Jurisdiction over Zolotov's Counterclaims.

The Court should decline to exercise supplemental jurisdiction over Zolotov's counterclaims, all of which are state based. District courts have the discretion to decline supplemental jurisdiction over counterclaims if the court has dismissed all claims over which it has original jurisdiction. *See* 28 USC § 1367(c). The exercise of supplemental jurisdiction is "a doctrine of discretion," not of right. Blake v. Pallan, 554 F.2d 947, 958 (9th Cir. 1977). Federal courts "have indicated a strong preference for the dismissal of pendent or ancillary claims whenever the district court disposes of the federal claims prior to trial." United States v. Zima, 766 F.2d 1153, 1158 (7th Cir. 1985); *accord* United Mine Workers v. Gibbs, 383 U.S. 715, 726, (1966) (Justification for the exercise of supplemental jurisdiction "lies in considerations of judicial economy, fairness and convenience to the litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims.") Judicial economy, fairness, and convenience all dictate that these claims and counterclaims be heard in state court.

Each of Zolotov's counterclaims is state based and Plaintiffs are voluntarily

| MTN TO VOLUNTARILY DISMISS CLAIMS AND MTN TO DISMISS COUNTERCLAIMS - 3 [C09-1743 JLR] | **NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP** | 505 Fifth Ave. S., Ste. 610 Seattle, Washington 98104 (206) 274-2800 |
|---|---|---|

1  dismissing (and not reasserting) the only federal claim in this matter.  As such, pursuant
2  to 28 USC § 1367(c)(3), the Court should decline to exercise supplemental jurisdiction
3  over Zolotov's counterclaims.  All claims and counterclaims in this matter are best suited
4  for state court and it would be a waste of judicial resources to maintain parallel actions.
5  Zolotov resides in King County, which is the venue for Plaintiffs' corporate dissolution
6  action, thus he will not be prejudiced or inconvenienced by adjudicating these matters in
7  state court.

## IV.  CONCLUSION

The Court should grant Plaintiffs leave to voluntarily dismiss all of their claims and the Court should decline to exercise supplemental jurisdiction over Zolotov's counterclaims.  Plaintiffs seek to voluntarily dismiss their claims, including the only federal cause of action asserted by either party.  Plaintiffs' dissolution action will determine the economic rights of all parties and the state court judge should be permitted to consider all state claims and counterclaims surrounding this dispute.  Plaintiffs' dissolution action provides a remedy to Zolotov and he will not suffer any legal prejudice as a result of the dismissal of all claims and counterclaims in this matter.

DATED this 28th day of January, 2010.

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

By: /s/ John Du Wors
John Du Wors, WSBA No. 33987
Michael Gustafson, WSBA No. 35666
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104

Attorneys for Plaintiffs

MTN TO VOLUNTARILY DISMISS CLAIMS
AND MTN TO DISMISS COUNTERCLAIMS - 4
[C09-1743 JLR]

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800